## CITY OF BRUNSWICK v. STEINHARDT et al.

(Circuit Court of Appeals, Fifth Circuit. October 17, 1923.)

No. 4009.

Corporations ⬤➙458—Agreement between two corporations for transfer of personal property, duly ratified by both, held effective, without formal bill of sale.

An agreement, made in good faith, between a street railway company, which had built a power house and installed machinery on land leased from another corporation, and the lessor, that the latter should take the property in satisfaction of an indebtedness, which agreement was duly ratified by both corporations after expiration of the lease, *held* effective, without execution of a formal bill of sale for the machinery, conceding that it was personalty and did not pass to the lessor as part of the realty on expiration of the lease.

Appeal from the District Court of the United States for the Southern District of Georgia; Beverly D. Evans, Judge.

Suit in equity by the Columbia Trust Company, trustee, against the City & Suburban Railway Company and others. On intervening petition of the City of Brunswick against defendant, and S. C. Steinhardt and O. C. Lisman, receivers. From the decree denying its petition, intervener appeals. Affirmed.

R. D. Meader, of Brunswick, Ga., for appellant.

J. Mark Wilcox, of Brunswick, Ga., for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. The city of Brunswick seeks to enforce a lien which it has for street paving against a building used for a power house and the machinery therein used for the generation of electricity. For that purpose the city intervened in a suit to foreclose a mortgage brought by the Columbia Trust Company, as trustee for bondholders, against the City & Suburban Railway Company, a street railway operating upon the streets of Brunswick. The mortgage was foreclosed and the property sold for $12,100. The amount due the city, and for which it has a lien, is $8,254.65. The amount realized from the sale was insufficient to pay off the various liens. The priority of the city's lien over others is as yet undetermined. The mortgage was not foreclosed upon the power house and machinery, which the petition of intervention alleges was the property of the street railway company, and subject to the mortgage. The specific prayer of the petition, which was filed after the foreclosure sale, is that the receivers be removed, because of interest, and that another receiver be appointed, with directions to take any necessary steps to subject the power house and machinery to the city's lien.

The Mutual Light & Water Company built upon its own land a power house and installed in it the machinery in question. It paid for both, but for the account of the street railway company. It also leased to the street railway company the ground upon which the power house

stands, which lease expired October 1, 1918. There was ample evidence to sustain the conclusion that the light and water company agreed with the street railway company to accept the power house and machinery in satisfaction of an indebtedness of $16,500; that this agreement was entered into in July, 1918, and was formally authorized by the two companies in February, 1919. A bill of sale of the machinery was executed at about the time, and probably just after, the petition to foreclose the mortgage was filed. Between July 1, 1918, when the Mutual Light & Water Company agreed to purchase the property of the street railway company, and the date of sale, the light and water company expended $11,052.50 for repairs and improvements upon the machinery.

Upon the evidence, the District Judge entered an order denying the relief prayed, and the city appeals.

On the one hand, the appellant claims that the power house and machinery were sold for less than their value; that the bill of sale was ineffective to convey title, because if it was executed prior to the appointment of the receivers it was in fraud of creditors, and if after the receivers were appointed it was ineffective to convey title, which could then be conveyed only by the receivers; and that the power house and machinery became a part of the realty. On the other hand, the receivers contend that the power house and machinery became the property of the Mutual Light & Water Company, if not in 1918, when the agreement was made between it and the street railway company, at the latest in February, 1919, which was before the bill to foreclose the mortgage was filed, when the transfer of title was authorized by the two companies; that the machinery was personalty, which could be conveyed without a bill of sale; and that, if the power house and machinery both be considered a part of the real estate, they became the property of the Mutual Light & Water Company, because they were not removed from the land during the life of the lease.

We think that, in any event, the decree of the District Court was correct. If, as asserted by the appellant, the building and machinery became a part of the realty upon the expiration of the lease, it reverted to the Mutual Light & Water Company, and if the fixtures were personalty, and not a part of the real estate, it was unnecessary that the transfer of title be evidenced in writing. Although, as appears from the evidence, the relations between the light and water company and the street railway were exceedingly friendly, yet the credit given for the transfer appears to have been for the fair value of the property. The money expended after the transfer by the light and water company for repairs and improvements is greater than the difference between the sale price and the value claimed by the appellant. Therefore the increased value was not given to the property by the street railway company, and should not be held to be recoverable by the receivers.

We are of opinion that the lien of the city did not attach to the property in question, and that therefore the court did not err in denying the prayer of the petition of intervention.

The decree is affirmed.